UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE DIVISION

| | | |
|---|---|---|
| TROY B. THACKER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7: 05-73-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| JO ANNE BARNHART, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of cross-motions for summary judgment filed by Plaintiff Troy Thacker and Defendant Jo Anne Barnhart, Commissioner of Social Security (Commissioner).  [Record Nos. 13, 14 and 16]  Thacker seeks to reverse the decision of an administrative law judge (ALJ) concluding that he was not entitled to a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income payments.  However, the Commissioner contends that the ALJ's decision is supported by substantial evidence and should be affirmed.

For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief sought by Thacker.

## I.    BACKGROUND

Thacker filed an initial applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) on November 17, 2000.  These claims were denied initially

and upon reconsideration. A hearing was conducted before ALJ Donald M. Graffius. However, the ALJ denied Thacker's claims for benefits and he did not appeal that determination.

On August 22, 2002, Thacker again filed applications for DIB and SSI. These applications were denied initially and upon reconsideration. Thacker then requested an administrative hearing before an ALJ. On January 12, 2004, Thacker appeared and testified at a hearing before ALJ Andrew J. Chwalibog. ALJ Chwalibog also heard testimony from Leah Salyers, a Vocational Expert (VE). Thereafter, the ALJ issued a decision denying benefits to Thacker. [Transcript (Tr.), pp. 17-26]  The ALJ concluded that Thacker retained the residual functional capacity to perform a significant range of light work. [Tr., p. 26]  Thacker's request for review was denied by the Appeals Council on January 27, 2005. [Tr., pp. 9-11]

At the time of the most recent administrative hearing, Thacker was a 44-year-old individual with a General Equivalency Degree (GED) and past work experience as a coal miner, janitor and security guard. [Tr., p. 18]  Thacker alleges that he is disabled due to nerves, depression, Crohn's disease and related colon problems, arthritis, and pain. [Tr., p. 18]  The ALJ found that Thacker was unable to perform any of his past relevant work. [Tr., p. 26, Finding No. 7]  However, based on testimony from the VE, the ALJ concluded that Thacker was capable of performing a significant number of jobs in the national economy during the relevant period. [Tr., p. 26]  After reviewing and evaluating the medical evidence of record and testimony offered by Thacker and the VE, the ALJ found Thacker was not disabled as defined in the Social Security Act. [Tr., p. 17-26]

## II.      LEGAL STANDARD

A claimant's Social Security disability determination is made by an ALJ in accordance with a five-step analysis.  If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step.  First, a claimant must demonstrate that he is not currently engaged in substantial gainful employment at the time of the disability application.  20 C.F.R. § 404.1520(b); 20 C.F.R. § 416.920(b).  Second, a claimant must show that he suffers from a severe impairment.  20 C.F.R. § 404.1520(c); 20 C.F.R. § 416.920(c).  Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months, which meets or equals a listed impairment, he will be considered disabled without regard to age, education, and work experience.  20 C.F.R. § 404.1520(d); 20 C.F.R. § 416.920(d).  Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the Claimant's residual function capacity (RFC) and relevant past work to determine if he can do past work.  If he can, he is not disabled.  20 C.F.R. § 404.1520(f); 20 C.F.R. § 416.920(f).[1]

Under the fifth step of this analysis, if the claimant's impairment prevents him from doing past work, the Commissioner will consider his RFC, age, education and past work experience to determine if he can perform other work.  If he cannot perform other work, the Commissioner will find the claimant disabled.  20 C.F.R. § 404.1520(g); 20 C.F.R. § 416.920(g).  The

---

[1]      Pursuant to 68 Fed. Reg. 51153, 51161-62, the Commissioner has changed the lettering of the relevant Code of Federal Regulations.  What was previously 20 C.F.R. § 404.1520(e) and (f) are now 20 C.F.R. § 404.1520(f) and (g), respectively.  The same changes have been made to 20 C.F.R. § 416.920.

Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004); *Garcia v. Sec'y of Health and Human Services*, 46 F.3d 552, 555 (6th Cir. 1995); *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994); *Casey v. Sec'y of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993); *Smith v. Sec'y of Health and Human Services*, 893 F.2d 106, 108 (6th Cir. 1989). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lashley v. Sec'y of Health and Human Services*, 708 F.2d 1048, 1053 (6th Cir. 1983). While significant deference is accorded to the ALJ, the standard employed in these cases does not permit a selective reading of the record. Instead, "substantiality of the evidence must be based upon the record taken as a whole. Substantial evidence is not simply some evidence, or even a great deal of evidence. Rather, the substantiality of evidence must be taken into account whatever in the record fairly detracts from its weight." *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984) (citations omitted).

III.     DISCUSSION

Thacker makes several arguments in his brief, most of which are intertwined and none of which are separately articulated.  However, it appears that he has raised the following three issues in this action: (1)  the ALJ wrongly dismissed Thacker's subjective complaints; (2) the ALJ failed to accord deference to a treating physician, Dr. David Svetich, and to his treatment records from the Mountain Comprehensive Care Center; and (3) the ALJ failed to properly evaluate Thacker's mental condition under the listings of 20 C.F.R. pt. 404, subpt. P, app. 1, §§ 12.04 and 12.06.

A.     Credibility

Thacker contends that the ALJ ignored his complaints of pain and improperly evaluated his credibility.  However, the Court finds that the ALJ properly considered all relevant factors. At the outset, it should be noted that complaints of pain may be sufficient to support a claim of disability.  *Glass v. Sec'y of Health Ed. and Welfare*, 517 F.2d 224, 225 (6th Cir. 1975). However, in evaluating such claims, the ALJ should look to the medical evidence to determine if subjective complaints of pain have a basis.  Such reference to medical evidence is helpful in making credibility determinations concerning such claims.[2]

In the context of a claim for Social Security benefits, there must be medical signs and findings, established by medically acceptable or clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological

---

[2]        With respect to the issue of a claimant's credibility, it should be noted that, where an ALJ has the unique opportunity to observe the demeanor of a claimant, his conclusions with respect to credibility should not be discarded lightly.  *Varley*, 820 F.2d at 780 (quoting *Houston v. Secretary of Health and Human Servs.*, 736 F.2d 365, 367 (6th Cir. 1984)).

or psychological abnormalities which could reasonably be expected to produce pain.  42 U.S.C.

§ 423(d)(5)(A).   In addition, the Sixth Circuit has prescribed an analytical framework for

evaluating subjective complaints of pain:

> First, we examine whether there is objective medical evidence of an underlying
> medical condition.  If there is, we then examine: (1) whether objective medical
> evidence confirms the severity of the alleged pain arising from the condition; or
> (2) whether the objectively established medical condition is of such a severity that
> it can reasonably be expected to produce the alleged disabling pain.

*Duncan v. Sec'y of Health and Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986).

The objective medical evidence confirms that Thacker suffered some degree of pain

particularly associated with his Crohn's disease and colon problems.  However, after reviewing

the medical evidence of record and the Claimant's testimony, the ALJ concluded that Thacker's

credibility was "fair at best." [Tr., p. 21] Thus, in view of the evidence presented that the

Claimant overstated the degree of pain experienced, the Court finds that the Commissioner's

decision should not be set aside for this reason.

## B.    Treating Physician

Thacker also argues that the ALJ failed to give proper weight to the findings of treating

physician, Dr. David Svetich and to his treatment records from the Mountain Comprehensive

Care Center.  Initially, it should be noted that while some deference is accorded the findings of

treating physicians, "[u]ltimately, of course, the determination of disability is the prerogative of

the Secretary, not the treating physician." *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985);

*see also* 20 C.F.R. §§ 404.1527(e)(2), 416.927(e)(2) ("We use medical sources, including your

treating source, to provide evidence, including opinions, on the nature and severity of your

impairment(s). Although we consider opinions from medical sources on issues such as whether your impairment(s) meets or equals the requirements of any impairment(s) in the Listing of Impairments . . ., your residual functional capacity . . ., or the application of vocational factors, the final responsibility for deciding these issues is reserved to the Commissioner.")

The "opinion of a treating physician is entitled to greater weight only if it is based on objective medical findings, and is not contradicted by substantial evidence to the contrary. The Commissioner may reject the opinion of a treating physician where good reasons are found to do so in the record." *Hare v. Comm'r of Soc. Sec.*, 37 Fed. Appx. 773, 776 (6th Cir. 2002). In *Wilson v. Comm'r of Soc. Sec.*, the Sixth Circuit noted that a treating physician's opinion can be discounted when: (1) it is not supported by medically acceptable clinical and laboratory diagnostic techniques, (2) it is inconsistent with substantial evidence in the record, (3) it does not identify the evidence supporting its finding, and (4) if it fares poorly when applying the factors listed in 20 C.F.R. §§ 404.1527(d)(2), 416.927(e)(2), which include, *inter alia*, the length and frequency of examinations, the amount of evidence used to support an opinion, the specialization of the physician, and consistency with the record. *Wilson*, 378 F.3d 541, 546 (6th Cir. 2004).

Although the ALJ considered the findings of Dr. Svetich, he gave little weight to the doctor's disability conclusions largely because his opinions were based primarily on Thacker's subjective complaints of pain. As previously noted, the ALJ found that Thacker's subjective complaints were exaggerated and not fully credible. Moreover, the ALJ concluded that Dr.

-7-

Svetich's disability conclusions were inconsistent with the overall medical evidence in the record. [Tr., p. 22]  Specifically, the ALJ noted that:

> I have considered the 'disabling' reports of Dr. Svetich, the treating specialist, however I do not give weight to his opinion with regard to the conclusion of disability.  He bases (sic) upon the claimant's weight, frequent bathroom breaks, and mental impairment, especially with regard to concentration.  Firstly Dr. Svetich's conclusion is not adequately supported by treatment records and the claimant's subjective statements with regard to the frequency of his bowel movements is inconsistent with the statements he made to his primary care physician.

[Tr., p. 23]   The ALJ, instead, adopted the opinions of two state agency medical consultants that opined that Thacker could perform light work so long as he had ready access to a bathroom. [Tr., pp. 22, 191, 287]  Further, the ALJ noted that, contrary to Thacker's testimony regarding his functional limitations, the "overall record suggests that his condition is relatively stable with ongoing Remicade therapy and his diarrhea symptoms are adequately controlled when compliant with medication . . ." [Tr., p. 23] Having examined the record, the Court concludes that it was proper for the ALJ to reject the disability conclusions of Dr. Svetich given the weight of all the medical evidence.

Additionally, the Court finds that the ALJ gave proper consideration to Thacker's treatment records from the Mountain Comprehensive Care Center.  The ALJ pointed out that Thacker had received treatment at the Mountain Comprehensive Care Center for depression and anxiety disorders. [Tr., p. 19] The ALJ noted, after considering Thacker's mental health records, that his mental status consistently improved with ongoing treatment. [Tr., pp. 22, 23]   He indicated that "[t]he psychiatric evidence of record notes his mental status to be 'stable' as of June 2003 and his mood was 'less anxious' as of last documented visit in September 2003." [Tr.,

p. 22]   Thus, it is apparent that the ALJ considered Thacker's treatment records from the Mountain Comprehensive Care Center and afforded them proper weight when determining his disability status.

### C.    Listings 12.04 and 12.06

Thacker contends that the ALJ erred in failing to find that he is suffering from a mental condition as defined in the Listing of Impairments at 20 C.F.R. Part 404, Subpart P., App. 1, Sections 12.04 and 12.06.  Sections 12.04 and 12.06 describe affective and anxiety disorders. In order for a claimant to show that he meets or equals a listed impairment,

> the burden is on the claimant to present specific medical findings that meet the various tests listed under the description of the applicable impairment, or, if in the alternative, he contends that he has an impairment which is equal to one of the listed impairments, the claimant must present evidence which describes how the impairment has such an equivalency.

*Wilkinson on Behalf of Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). This  decision must be based solely on medical evidence supported by acceptable clinical and diagnostic techniques.  20 C.F.R. § 404.1526 and § 416.926.

Here, Thacker has failed to point to any evidence establishing that he suffers from a condition that meets Sections 12.04 or 12.06.  The ALJ specifically addressed this issue and determined that Thacker did not "fully satisfy" the criteria of Listings 12.04 and 12.06.  The ALJ concluded that the Claimant exhibited some of the features of the "A" criteria of sections 12.04 and 12.06.  However, he determined that Thacker met neither: (i) two of the four areas of function described in the "B" criteria nor (ii) the "C" criteria.[3]  Instead, the ALJ found that the

---

[3]      Under 12.04 (Affective Disorders), a claimant must meet the requirements of subsection A and B or C.  The ALJ found that Thacker met the requirements of subsection A, but not B.  The requirements of

Claimant has mild limitations in activities of daily living.  The ALJ noted that Thacker lives

alone and is capable of caring for his personal hygiene.  He also washes dishes, vacuums,

microwaves his food, and reads the news paper.  Additionally, he is able to drive.  [Tr. 20]

The ALJ further noted, with respect to the "social functioning" criteria that Thacker

testified that he does not like to be around others.  However, Thacker indicated that he attends

church with his mother on occasion.  Based on this information, the ALJ concluded that

Thacker's social functioning appears to be "moderately limited." [Tr., p. 20]

---

subsection B are satisfied if at least two of the following are shown to exist:

1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended duration.

Subsection C may also be satisfied separate and apart from the other two subsections.  This subsection requires:

Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and by one of the following:

1. Repeated episodes of decompensation, each of extended duration; or
2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
3. Current history or 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

Under 12.06 (Anxiety Related Disorder), a claimant must meet the requirements of subsection A and B *or* subsection A and C.  The requirements of subsection B are the same as those set forth in 12.04.  Subsection C requires the Claimant to demonstrate that he has the "complete inability to function independently outside the area of one's home."

As noted above, the ALJ determined that Thacker satisfied the requirements of subsection A, but not B and C.  Therefore, the ALJ concluded that Thacker had not fully satisfied the criteria under Listings 12.04 or 12.06.

-10-

The ALJ concluded, after examining the overall record, that Thacker was only moderately limited in the area of "concentration, persistence and pace," and he found no evidence to suggest that Thacker had experienced any limitations in the area of deterioration or decompensation in work or work-like settings. [Tr., p. 20] Based on these findings, the ALJ concluded that the "B" criteria are not met.

With respect to the "C" criteria for Listing 12.04 and 12.06, the ALJ stated that analysis under this section requires examination of

> whether the claimant's mental illness is currently attenuated by medication or therapy but nevertheless has caused repeated episodes of decompensation of extended duration, inability to adjust to even minimal workplace changes due to residual disease process, or inability to function outside a highly supportive living arrangement for at least one year; or causes complete inability to function independently outside the area of one's home.

[Tr., p. 20] The ALJ concluded that "there is no documentation in this record that the claimant meets such further requirements." [Tr., p. 20]

Based on these findings, the ALJ concluded that, since neither "B" nor the "C" criteria had been met, the Listings of sections 12.04 and 12.06 had not been met. The ALJ further concluded that, "[i]n addition, there is no evidence of a combination of impairment causing functional limitations equal in severity to any section included in Appendix 1." [Tr., p. 21]

Having reviewed the medical evidence of record, the Court finds that the ALJ's decision that Thacker did not suffer from Listings 12.04 or 12.06, or an impairment with functional limitations equivalent to these listings, is supported by substantial evidence.

## IV.    CONCLUSION

The ALJ's opinion is supported by substantial evidence. Accordingly, it is hereby **ORDERED** as follows:

1.    Plaintiff Troy B. Thacker's Motions for Summary Judgment [Record Nos. 14 & 16] is **DENIED**;

2.    Defendant Jo Anne Barnhart's Motion for Summary Judgment [Record No. 13] is **GRANTED**; and

3.    The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 16th day of November, 2005.



Signed By:

_**Danny C. Reeves**_  DCR

**United States District Judge**